**Robert Harold LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6-88-029-CR.**

Court of Appeals of Texas,
Texarkana.

Feb. 22, 1989.

George L. Preston, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

CORNELIUS, Chief Justice.

Robert Harold Lee was convicted of delivery of a controlled substance (cocaine). He was sentenced to twenty years' confinement in the Texas Department of Corrections.

In a single point of error, Lee contends that the trial court erred in refusing to grant his requested jury instruction on entrapment.

Tex.Penal Code Ann. § 8.06 (Vernon 1974) provides in relevant part that:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

■ Lee contends that, according to the subjective entrapment test first described in *Cooper v. State*, 162 Tex.Crim. 624, 288 S.W.2d 762 (1956), there was sufficient evidence to raise the issue of entrapment in this case and the instruction should have been given. The subjective test, however, was superseded when the Legislature enacted Section 8.06 of the Texas Penal Code in 1974. Section 8.06 set forth the objective entrapment test which is still in use and in which the focus is on whether, objectively considered, the methods used by the officer are likely to induce one with innocent intentions to commit the crime. *Bush v. State*, 611 S.W.2d 428 (Tex.Crim.App. [Panel Op.] 1980); *Langford v. State*, 571 S.W.2d 326 (Tex.Crim.App. [Panel Op.] 1978).

In this case, the evidence did not raise the issue of entrapment. The evidence showed that Lee motioned for an undercover police officer to enter Lee's parked car. When he entered the car the officer told Lee he would like to get an "eight ball," a street term for one-eighth ounce of cocaine, and inquired as to the cost. Lee responded that he would have to go get the cocaine, that it would cost $300.00, and that he would return in a few minutes. Lee then drove away and returned a few minutes later with the cocaine. The officer paid Lee $300.00 for the cocaine. This undisputed testimony does not raise the issue of an inducement using persuasion or other means likely to cause Lee to commit the offense. Rather, it only shows that the undercover police officer afforded Lee an opportunity to commit the offense. In these circumstances, the issue of entrapment was not raised. *Maddox v. State*, 635 S.W.2d 456 (Tex.App.–Fort Worth 1982, no pet.); *see Bush v. State*, supra, at 432.

■ Moreover, Lee has waived any error in connection with the requested instruction. He filed a pretrial motion requesting the instruction. The court stated that it would reserve its ruling on the motion until it had heard the evidence. The charge given to the jury did not include an instruction on the issue of entrapment, and thus the court implicitly overruled Lee's pretrial motion. Lee made no objection to the absence of an instruction on entrapment when the charge was given to the jury, although he subsequently claimed in a motion for new trial that the omission was error. Under these facts, reversal for an alleged charge error is required only if the harm is so egregious that the defendant has not had a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim. App.1984). Assaying the degree of harm in the light of the jury charge and the entire record before us, we conclude that the error, if any, was not so egregious that Lee did not have a fair and impartial trial.

The judgment of the trial court is affirmed.