Juan Antonio JIMENEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00834–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 30, 1992.

Patricia R. Saum, E. Matthew Leeper, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, James Buchanan, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and PRICE*, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a conviction for delivery of a controlled substance. A jury found appellant, Juan Antonio Jimenez, guilty and assessed punishment at 20–years confinement and a fine of $50,000. We affirm.

### Background

In December 1989, the Houston Police Department called in Ray Roussett, an undercover narcotics officer with the Department of Public Safety, to head up an arrest team based on information obtained from two informants. Ruben Bazan and Jaime Gonzales, the informants, arranged for the purchase of five kilos of cocaine with Salvador Salinas and Agustin Trevino. The location of the purchase was Salinas' barbershop, located at 417 Quitman in Houston.

When Roussett, Bazan, and Gonzales arrived, they were met by Salinas and told that Trevino would return in a few minutes. No negotiations about the drug purchase occurred until Trevino returned. When Trevino returned, he told the group the drugs were a few blocks away and could be brought over when Roussett was ready to make the purchase. Because Roussett expressed some concern about

---

* Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

taking delivery "out in the open," Salinas offered a back room in the barbershop. Trevino then showed Roussett appellant's business card and told Roussett that appellant was the source of the cocaine. Trevino had just phoned appellant and told him to bring the cocaine to the barbershop. Sometime later, appellant arrived in a car driven by Abel Ramirez, a codefendant in the case. After Roussett was introduced as the buyer, Roussett, Bazan, Gonzales, Trevino, and appellant went to the back room to negotiate the purchase. Salinas and Ramirez did not accompany the group. Once in the back room, Trevino asked appellant if he had the cocaine. Appellant responded that he had two kilos of cocaine and that the price was $37,000 or $38,000. Trevino then told appellant to bring it in.

Roussett testified he watched appellant walk out to the car and speak briefly with Ramirez. Ramirez and appellant then came into the back room together. Once inside, Ramirez produced a bag from underneath his jacket and placed it on the counter. Trevino opened the bag, cut into one of the bricks of cocaine, and showed Roussett the texture of the drug. Bazan testified that appellant took a bit of the cocaine on a car key, "snorted it," and said it was "the good stuff." Roussett did not chemically test the cocaine, but visually inspected it and said that it "looked good." This response was to be the signal for the arrest team to come in and make arrests.[1] The electronic transmitter that Roussett was wearing apparently was not functioning because the arrest team did not respond. Roussett testified that he attempted to give the signal several times, but the arrest team was not responding. At this point, Roussett told the group the money was under the spare tire in the car. Bazan and Gonzales accompanied Roussett out to the car to retrieve the money. Roussett opened the trunk, which was the back up signal for the arrest team. Again, the arrest team did not respond. While standing at the trunk of the car, Gonzales who realized there was a problem, told Roussett that he had a pistol in the trunk and would assist him in making the arrests. Roussett

testified he agreed and the group returned to the back room and made the arrests. Roussett then contacted the arrest team from a mobile phone located in the car.

In seven points of error, appellant challenges the sufficiency of the evidence, and argues the trial court erred in denying his motion to suppress, in overruling his objection to the substitution of the trial judge during the guilt/innocence phase of trial, in denying his motion to produce Department of Public Safety records reflecting the payments made to the State's informants, in denying his motion for mistrial, and in denying his request for a jury charge on the issues of entrapment and the legality of the seizure of the two kilos of cocaine.

Sufficiency of the evidence

In his first point of error, appellant argues the evidence is insufficient to support the conviction for "delivery" of a controlled substance. Appellant contends the State did not prove that he delivered cocaine by actual or constructive transfer, or by offer to sell.

 The standard of review regarding the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Bulter v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). This standard of review is applied whether the conviction is based on direct or circumstantial evidence. *Alexander v. State,* 740 S.W.2d 749, 757 (Tex.Crim.App.1987).

 Appellant was indicted for delivery of a controlled substance in three separate paragraphs alleging, respectively, that the delivery was by actual transfer, constructive transfer, and by an offer to sell. Any of the three allegations constitutes a delivery under the Texas Controlled Substances Act. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon Pamph.1992). The trial court submitted a jury charge authorizing the jury to find appellant guilty of delivery of a controlled substance based on

---

1. Roussett was being electronically monitored by the arrest team located a few blocks away.

any one of these allegations. In addition, the jury was given an instruction on the law of parties. Thus, the State was only required to prove one method of committing the offense for the conviction to be upheld. *Pinkerton v. State,* 660 S.W.2d 58, 62 (Tex.Crim.App.1983).

When delivery is by offer to sell, no transfer need take place. *Stewart v. State,* 718 S.W.2d 286, 288 (Tex.Crim.App. 1986). The offense is complete when by words or deed, a person knowingly or intentionally offers to sell what he states is a controlled substance. *Id.* Viewing the evidence in the light most favorable to the verdict, Roussett's testimony established that appellant made an offer to sell the two kilos of cocaine for the stated price of $37,000 or $38,000. The offense of delivery by offer to sell was completed as soon as appellant made the offer. *See Stewart,* 718 S.W.2d at 288.

We overrule appellant's first point of error.

Legality of the seizure of cocaine

In his second point of error, appellant argues the trial court erred by denying his motion to suppress the cocaine seized. Appellant argues the cocaine should have been suppressed pursuant to TEX.CODE CRIM.P.ANN. art. 38.23 (Vernon Supp.1992), which prohibits the admission of evidence obtained in violation of state or federal law. Appellant also argues, in his seventh point of error, that the trial court erred in denying his request for a jury charge consistent with article 38.23.[2]

Appellant contends the cocaine was obtained in violation of state law because Gonzales, one of the informants, as a convicted felon committed a felony offense by being in possession of a firearm, and, even if Gonzales was not a convicted felon, the simple possession of a firearm away from the home is a misdemeanor offense.[3]

We addressed the same points of error in the case of *Ramirez v. State,* 822 S.W.2d 240, 245–46 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). As noted above, Ramirez is a codefendant in the case. In *Ramirez,* we overruled both points of error holding this case did not present the kind of violation of the law contemplated by article 38.23. *Id.* at 246. This Court noted that Ramirez, as appellant here, did not cite us to any law that invalidates an otherwise valid arrest due strictly to the fact that a citizen who assists an officer possesses a firearm. *Id.*

The primary purpose of the exclusionary rule is to deter police activity that could not have reasonably been believed to be lawful by the officers committing the same. *Drago v. State,* 553 S.W.2d 375, 378 (Tex.Crim.App.1977). In *Ramirez,* we reasoned that the factfinder could have reasonably concluded that at the time of the arrest, Roussett had no knowledge of Gonzales' past criminal record. Furthermore, Roussett, as a peace officer, is authorized to solicit help from citizens. TEX.CODE CRIM.P.ANN. art. 2.14 (Vernon 1977). Also, Gonzales arming himself in response to a request by Roussett is authorized by the Texas Penal Code. *See* TEX.PENAL CODE ANN. § 9.51 (Vernon 1974).[4] Appellant has not raised any new contentions or authority that would change the disposition of these points of error.

Consistent with our holding in *Ramirez,* we overrule appellant's second and seventh points of error.

Objection to the visiting trial judge

In his third point of error, appellant argues the trial court erred in overruling his objection to the substitution of the trial judge after two days of testimony. Appellant contends the substitution of the trial judge affected his right to a fair trial and his due process rights guaranteed under

---

2. Article 38.23 provides:
 In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this article, then and in such event, the jury shall disregard any such evidence so obtained.

3. *See* TEX.PENAL CODE ANN. §§ 46.05, 46.02 (Vernon 1989).

4. In *Ramirez,* we noted that while section 9.51 of the Penal Code does not expressly exempt citizens from section 46.02 of the Code of Criminal Procedure, case law indicates that such is the case. *Ramirez,* 822 S.W.2d at 246.

both the Texas and United States constitutions.

Appellant, however, does not assert why or how the change in the trial judge denied him his constitutionally guaranteed rights to a fair trial and due process. A point of error is sufficient if it directs the attention of this Court to the error about which complaint is made. TEX.R.APP.P. 74(d). Appellant has not shown he was harmed by the substitution in a meaningful way, and therefore has not presented any grounds for reversal. *Bright v. State,* 165 Tex. Crim. 291, 306 S.W.2d 899, 901 (1957); TEX. R.APP.P. 81(b)(2).

Appellant further argues there is no order of assignment as required by TEX.GOV'T CODE ANN. § 74.056 (Vernon 1988). This contention is not supported by the record. Pursuant to TEX.R.APP.P. 55(b), the State filed a supplemental transcript in this Court that contains the order assigning the visiting judge to this case.

Appellant's third point of error is overruled.

Motion for production of Department of Public Safety records

■■■■ In his fourth point of error, appellant argues the trial court erred by denying his motion to produce Department of Public Safety records reflecting payments made to Bazan, one the informants. Appellant contends the failure to provide the actual payment records prevented him from effectively cross-examining Bazan to determine the veracity of Bazan's testimony about the amount he was paid.[5] Appellant also asserts the trial judge erred in denying his request to have the documents sealed for review by the appropriate appellate court.

■■■■ A defendant in a criminal case does not have a general right to discovery of evidence in the State's possession. *Quinones v. State,* 592 S.W.2d 933, 940 (Tex. Crim.App.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). A defendant's right to discovery is limited to exculpatory or mitigating evidence. *Dickens v. Second Court of Appeals,* 727 S.W.2d 542, 551 (Tex.Crim.App.1987). Beyond that, the scope of discovery is within the trial court's discretion. *Quinones,* 592 S.W.2d at 940; TEX.CODE CRIM.ANN. art. 39.14 (Vernon 1979). The issue then is whether the trial court abused its discretion in refusing to allow the discovery requested by appellant.

■■■■ A trial court is required to permit discovery only if the evidence sought is material to the *defense* of the accused. *Quinones,* 592 S.W.2d at 941. In determining materiality, the omission must be evaluated in the context of the entire record, and constitutional error is committed only if the omitted evidence creates a reasonable doubt that did not otherwise exist. *Stone v. State,* 583 S.W.2d 410, 415 (Tex.Crim. App.1979).

■■■■ Appellant has not presented any argument or authority showing how the records reflecting the payments made to the informants in this case are *material* to his defense, or that this evidence would create a reasonable doubt as to his guilt that did not otherwise exist. Although actual payment to an informant *might* be relevant to veracity of the witness, no lack of veracity concerning any fact that would support the conviction has been asserted by appellant. In fact, insofar as the transaction in question, Bazan's testimony was merely cumulative of other witnesses'. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial does not establish "materiality" in the constitutional sense. *Stone,* 583 S.W.2d at 415. Appellant has not shown that the trial court abused its discretion.

Appellant's fourth point of error is overruled.

---

5. The record shows that Bazan was cross-examined thoroughly concerning his work as a paid informant. Bazan testified on cross-examination that most of his income in 1990 and all of his income in 1989 was derived from selling information to law enforcement agencies, and that he has been working as an informant for more than four years. He further testified that he does not get paid for his work as an informant unless someone is arrested, that he only worked for the Department of Public Safety one time, the instant case, and that he had been paid $2,000.

Motion for mistrial

In his fifth point of error, appellant argues the trial court erred by denying his motion for mistrial arising from the introduction of testimony by the prosecution after it had already been ruled inadmissible.

During the prosecutor's direct examination of Roussett, he sought to elicit testimony concerning Roussett's negotiations with Trevino and Salinas that eventually led to the drug transaction that is the subject of this appeal. The jury was excused and the prosecution was allowed to offer this testimony. When Roussett attempted to testify concerning discussions with regard to the purchase of heroin, appellant objected. The trial judge sustained appellant's objection regarding any testimony about heroin. When the jury was returned, Roussett was allowed to testify about the negotiations concerning the purchase of the cocaine. During cross-examination, Roussett, in response to a question by defense counsel, testified about a conversation he had with Trevino about heroin. Appellant's objection was sustained, and the jury was instructed to disregard the testimony. Appellant's motion for mistrial was denied. Appellant contends the testimony about heroin interjected evidence of an extraneous offense.

An error in admitting improper testimony may be cured by the trial court's withdrawal of the evidence and its instruction to the jury to disregard. *Cavendar v. State*, 547 S.W.2d 601, 603 (Tex.Crim.App. 1977). It is presumed that the jury will obey an instruction to disregard erroneously admitted testimony. *Waldo v. State*, 746 S.W.2d 750, 753 (Tex.Crim.App.1988). Appellant has not rebutted this presumption.

Moreover, the testimony concerning conversations about heroin related to conversations between Roussett and Trevino, not conversations between Roussett and appellant. Before the rules relating to the admissibility of extraneous offenses comes into play, there must be some type of inadmissible evidence presented of the accused's prior criminal conduct for error to be present. *Baxter v. State*, 645 S.W.2d

812, 815 (Tex.Crim.App.1983); *Ramirez*, 822 S.W.2d at 247.

Appellant's fifth point of error is overruled.

Jury charge

In his sixth point of error, appellant argues the trial court erred by denying his request for a jury charge on the issue of entrapment.

An entrapment defense is available where the criminal design originates in the mind of the government officials or their agent, and they induce the defendant to commit a crime the defendant would not otherwise commit. *Richardson v. State*, 622 S.W.2d 852, 854 (Tex.Crim.App.1981). Where the criminal intent originates in the mind of the defendant, the fact that an officer furnishes an opportunity for or aids the accused in the commission of a crime affords no defense. *Lopez v. State*, 574 S.W.2d 563, 565 (Tex.Crim.App.1978).

Appellant argues the evidence at trial was sufficient to raise the issue of entrapment and asserts that Roussett's "outrageous conduct" violated due process and due course of law. Appellant, however, fails to specify what conduct was "outrageous" and fails to direct this Court to any evidence raising the issue of entrapment. We have reviewed the record and do not find any evidence that Roussett or Bazan and Gonzales, the informants, offered appellant inordinate sums of money or employed other methods of persuasion that are likely to cause a person to commit an offense that he would not otherwise commit. *Ramos v. State*, 632 S.W.2d 688, 691 (Tex.App.—Amarillo 1982, no pet.). Entrapment is not established by conduct merely affording a person an opportunity to commit an offense. TEX.PENAL CODE ANN. § 8.06 (Vernon 1974); *see Lee v. State*, 766 S.W.2d 375, 376 (Tex.App.—Texarkana 1989, no pet.) (evidence that an officer asked for cocaine, that defendant returned in a few minutes with cocaine, and that the officer paid for it did not raise entrapment).

Appellant's sixth point of error is overruled.

The judgment is affirmed.