TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00354-CR







Arnott Anthony Barclay, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8506, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







 A jury found appellant Arnott Anthony Barclay guilty of delivery of cocaine. See Tex.
Health & Safety Code Ann. § 481.112 (West Supp. 1998). The trial court assessed appellant's
punishment at twelve years' imprisonment. Appellant contends the trial court reversibly erred by refusing
to submit his requested entrapment defense instruction to the jury. Additionally, appellant contends he
proved entrapment as a matter of law. We will affirm the trial court's judgment. 


Background


 Appellant, a carpenter, testified at trial that during the month of April 1996, he spent his
spare time in the evenings and on weekends in Bastrop remodeling the home of Mollie Fowler. He was
doing the remodeling job as a favor to Fowler since she had befriended him and allowed him to use her
address after he was paroled. Although Fowler was out of town from April 27 through April 30, appellant
continued to work on the house. 

 While living in Bastrop after he was paroled, appellant met Andy Wilhelm. Appellant was
unaware that Wilhelm was an informant for the Capital Area Narcotics Task Force. Each day from April
27th to April 30th, Wilhelm came to Fowler's house and asked appellant if he had any work for him. Each
day, appellant repeatedly told Wilhelm that he was working for Fowler as a favor and for no pay and
consequently he could not pay Wilhelm for any work he might perform. Each day, Wilhelm would continue
to hang around the house and ask appellant repeatedly about getting some cocaine. On April 30th, when
he once again came by the house seeking work and cocaine, Wilhelm told appellant that he knew appellant
was aware of where Fowler kept a supply of drugs in the house and offered appellant $200 for twelve
rocks of cocaine. Appellant testified that he saw a chance "to make $200 on the spur of the moment." 
Fowler was not at home and would not know appellant took the cocaine from her supply. Appellant
admitted he sold twelve rocks of cocaine to Wilhelm. 


Discussion


 Appellant contends that the defense of entrapment was raised by the evidence and that the
trial court erred by failing to submit an instruction on the defense. The State responds that appellant failed
to present any evidence raising the entrapment defense. 

 Whenever a defensive theory is raised by the evidence, the defendant is entitled to a jury
instruction on that theory. Reese v. State, 877 S.W.2d 328, 333 (Tex. Crim. App. 1994) (citing Booth
v. State, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984)). In determining whether the evidence raises a
defensive issue, we consider all the evidence presented at trial, regardless of the strength of the evidence
or whether it is controverted. Id. 

 The Texas Penal Code section 8.06 provides:


(a) It is a defense to prosecution that the actor engaged in the conduct charged because
he was induced to do so by a law enforcement agent using persuasion or other means
likely to cause persons to commit the offense. Conduct merely affording a person an
opportunity to commit an offense does not constitute entrapment. 


(b) In this section "law enforcement agent" includes personnel of the state and local law
enforcement agencies as well as of the United States and any person acting in accordance
with instructions from such agents. 



Tex. Penal Code Ann. § 8.06 (West Supp. 1994). In order for a defendant to raise a claim of entrapment
he must initially establish a prima facie showing of the defense. Richardson v. State, 622 S.W.2d 852,
856 (Tex. Crim. App. 1981). An accused who claims entrapment must present evidence that he was in
fact induced, and that the conduct that induced him was such as to induce an ordinary law-abiding person
of average resistance. England v. State, 887 S.W.2d 902, 913 (Tex. Crim. App. 1994). Conduct
affording a person merely an opportunity to commit an offense does not raise the defense of entrapment. 
Reese v. State, 877 S.W.2d at 333; Jimenez v. State, 838 S.W.2d 661, 667 (Tex. App.--Houston [1st
Dist.] 1992, no pet.).

 Appellant has failed to direct this Court to evidence in the record raising anything other than
an opportunity to commit an offense. We have reviewed the record and do not find any evidence that
Wilhelm employed methods of persuasion that were likely to cause an ordinary law-abiding person of
average resistance to commit an offense that person would not otherwise commit. Wilhelm simply asked
appellant repeatedly about cocaine. Appellant resisted any involvement until Wilhelm presented cash for
a purchase. The first time Wilhelm offered to pay appellant cash for cocaine, appellant delivered cocaine. 
We hold that this evidence shows no more than an opportunity to commit the offense. 


Conclusion


 We conclude appellant did not prove entrapment as a matter of law and the trial court did
not err by failing to submit an instruction to the jury regarding entrapment. We overrule appellant's two
points of error and affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: June 4, 1998

Do Not Publish



gs in the house and offered appellant $200 for twelve
rocks of cocaine. Appellant testified that he saw a chance "to make $200 on the spur of the moment." 
Fowler was not at home and would not know appellant took the cocaine from her supply. Appellant
admitted he sold twelve rocks of cocaine to Wilhelm. 


Discussion


 Appellant contends that the defense of entrapment was raised by the evidence and that the
trial court erred by failing to submit an instruction on the defense. The State responds that appellant failed
to present any evidence raising the entrapment defense. 

 Whenever a defensive theory is raised by the evidence, the defendant is entitled to a jury
instruction on that theory. Reese v. State, 877 S.W.2d 328, 333 (Tex. Crim. App. 1994) (citing Booth
v. State, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984)). In determining whether the evidence raises a
defensive issue, we consider all the evidence presented at trial, regardless of the strength of the evidence
or whether it is controverted. Id. 

 The Texas Penal Code section 8.06 provides:


(a) It is a defense to prosecution that the actor engaged in the conduct charged because
he was induced to do so by a law enforcement agent using persuasion or other means
likely to cau