No. 04-00-00678-CR



David GARCIA,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-CR-2794


Honorable Mary Ramon, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: October 17, 2001


AFFIRMED

 David Garcia appeals his conviction and sentence for delivery of heroin in an amount more
than one gram but less than four grams. We affirm.

Factual and Procedural Background

 Garcia was indicted for delivery of heroin in an amount more than one gram but less than four
grams. The indictment alleged a prior conviction for unauthorized use of a motor vehicle. Garcia
plead not guilty, was tried by a jury, and found guilty. Garcia plead true to the enhancement and the
jury assessed punishment at ninety-nine years in prison and a ten thousand dollar fine. He appealed.

Ineffective Assistance of Counsel

 In his first point of error, Garcia contends he was denied effective assistance of counsel.Applicable Law

 When reviewing an ineffective assistance of counsel claim, we follow the test set out by the
Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by the Texas Court
of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986). To
prevail, a defendant has the burden of showing by a preponderance of the evidence: (1) trial counsel's
performance was deficient, and (2) the deficient performance prejudiced the defense. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "Failure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S.
at 700. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999) (quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert.
denied, 519 U.S. 1119 (1997)).

Discussion Garcia contends he was denied effective assistance of counsel because trial counsel failed to
request a jury instruction on entrapment. We disagree.

 A defendant is entitled to a defensive issue only if the issue is raised by the evidence. Golden
v. State, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993). An entrapment defense is available when the
criminal design originates in the mind of the government officials or their agent and they induce the
defendant to commit a crime the defendant would not otherwise commit. Lopez v. State, 574 S.W.2d
563, 565 (Tex. Crim. App. [panel op.] 1978). A defendant must show both that he was in fact
induced and that the conduct which induced him would induce an ordinarily law-abiding person of
average resistance. England v. State, 887 S.W.2d 902, 913 (Tex. Crim. App. 1994). Entrapment is
not established by conduct "merely affording a person an opportunity to commit an offense." Tex.
Penal Code Ann. § 8.06 (Vernon 1994); Reese v. State, 877 S.W.2d 328, 333 (Tex. Crim. App.
1994). In determining whether the evidence raises a defensive issue, we consider all the evidence
presented at trial. Id.

 Garcia did not testify at trial but contends, nevertheless, that the testimony of Officer Erasmo
Martinez was sufficient evidence to raise the issue of entrapment. Martinez testified that on the day
in question, he wore plain clothes and drove an unmarked vehicle to the Lincoln Heights housing
project in San Antonio in an attempt to obtain evidence from a narcotics dealer. Around noon,
someone introduced Martinez to Garcia. During their conversation, Garcia asked Martinez what he
was looking for and Martinez responded he was looking for some dimes, the street term for a ten
dollar amount of heroin. Garcia replied he did not have any, but said he could take Martinez to a
place where he could get some if Martinez was willing to drive them there in his vehicle. Martinez
agreed and drove Garcia to a house located on the south side of San Antonio. 

 Before arriving at the house, Garcia asked Martinez if he would be willing to share some of
the heroin in return for his help. Martinez told Garcia he preferred to give him money rather than
share the heroin. Then, before Garcia went inside the house, Martinez paid Garcia one hundred-forty
dollars - one hundred-twenty dollars for the heroin and twenty dollars to compensate him for his help
with the transaction. Garcia returned shortly thereafter with several balloons of heroin in his mouth.
Upon Garcia's suggestion, Martinez drove back to the original meeting point where Garcia then took
the heroin balloons out of his mouth and handed them to Martinez. Before getting out of the vehicle,
Garcia told Martinez to come back anytime he needed some more dimes. Martinez later identified
Garcia from a photograph.

 Based on this evidence, we are unable to conclude Garcia was in fact induced by police to
commit the offense. At most, Martinez's conduct merely provided Garcia with an opportunity to
make some money in return for his assistance in the heroin transaction. See Lee v. State, 766 S.W.2d
375, 376 (Tex. App.-Texarkana 1989, no pet.) (evidence that an officer asked for cocaine, that
defendant returned in a few minutes with cocaine, and the officer paid for it did not raise issue of
entrapment). Moreover, there is no evidence Martinez's conduct would have induced an ordinary
law-abiding person of average resistance to commit the offense. Because the evidence presented at
trial was insufficient to raise the issue of entrapment, the present case is distinguishable from those
cited by Garcia in his brief. See Vasquez v. State, 830 S.W.2d 948 (Tex. Crim. App. 1992); Green
v. State, 899 S.W.2d 245, 248 (Tex. App.-San Antonio 1995, no pet.). (1) Therefore, we hold
counsel's performance was not deficient for failing to request a jury instruction on entrapment. The
point is overruled.

Court-Appointed Attorney

 In his second point of error, Garcia argues the trial court erred in failing to inquire about a
possible conflict between him and his court-appointed attorney. We disagree.

Discussion

 "If a defendant is displeased with his appointed counsel, he must bring the matter to the
court's attention. Thereupon, the defendant carries the burden of proving that he is entitled to a
change of counsel." Malcom v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982).

 Garcia maintains that before trial began, he asked the court for additional time to hire a
different lawyer because he was unhappy with and lacked confidence in his court-appointed attorney.
According to Garcia, this "apparently substantial complaint about his counsel" should have alerted
the court to inquire why Garcia thought his court-appointed attorney was inadequately defending him.
However, the record does not support these assertions, and we disagree with Garcia's suggestion that
the comment made by his attorney regarding his family's desire "to hire an attorney to assist [the
court-appointed attorney] in the preparation of this case" amounted to a request to dismiss his court-appointed attorney and substitute a different attorney. (emphasis added). When given the opportunity
to address the trial court, Garcia neither expressed dissatisfaction with his appointed attorney nor
requested his attorney be removed and substituted with a different attorney. Instead, he merely
expressed dissatisfaction with the State's plea offer of twelve years and requested additional time to
file a motion of some kind. Moreover, Garcia presented no evidence to the trial court supporting his
alleged request to hire a different attorney. See King v. State, 511 S.W.2d 32, 34 (Tex. Crim. App.
1974). The point of error is therefore overruled and the trial court's judgment is affirmed.


 Sarah B. Duncan, Justice

Do not publish
1. Garcia also cites Ex Parte Varelas, 45 S.W.3d 627, 630 (Tex. Crim. App. 2001). However, Varelas did not
involve a defensive issue. Rather, it dealt with a jury instruction for extraneous offenses. Thus, it is also distinguishable
from the present case.