**Arturo Arteaga LOPEZ, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–333–CR.**

Court of Appeals of Texas, Fort Worth.

May 16, 2002.

J.R. Molina, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of Appellate Section, Sharon Johnson, Michael Myer, Alana Minton, Asst. District Attorneys, Fort Worth, for Appellee.

Panel B: DAUPHINOT, HOLMAN, and WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Arturo Arteaga Lopez of the offenses of delivery of 400 or more grams of cocaine and possession of 400 or more grams of cocaine with intent to deliver, and the trial court assessed his punishment for each offense at twenty-five years' confinement. Appellant brings eight points on appeal challenging the trial court's judgment. In points one through seven, Appellant complains of ineffective assistance of counsel. Appellant's eighth point alleges that he was denied due process of law when he was convicted on both counts of the single indictment. We conclude that the record is insufficient to rebut the presumption that counsel's decisions were products of reasonable trial strategy. Because we hold, however, that

Appellant's conviction and punishment on both offenses constituted a violation of the Double Jeopardy Clause, we vacate his conviction for possession of a controlled substance with intent to deliver and affirm his conviction for delivery of a controlled substance.

## FACTUAL BACKGROUND

On October 14, 1997, Gabe Barrera, an undercover narcotics officer for the Fort Worth Police Department, was contacted by Appellant and Rosa Maria Guzman. Barrera negotiated with them to buy three kilograms of cocaine at a price of $18,000 per kilogram. Guzman contacted Barrera later that day and told him that Appellant was having difficulty obtaining the necessary amount of cocaine. That evening, Barrera met with Appellant, who told Barrera that his source was bringing the drugs, but that the price would be $19,000 per kilogram rather than the $18,000 they had agreed upon. Additionally, Appellant informed Barrera that the source wanted to sell only one kilogram at a time and that he would have to discuss buying more than that amount with the source. At approximately 7:30 p.m., Manuel Ledesma arrived with the cocaine. While Appellant waited in his vehicle, Barrera and Guzman approached Ledesma, and Barrera asked to see the cocaine, which was on the passenger's seat of Ledesma's car. Barrera inspected the cocaine and then told Ledesma he was going to get the money. Instead, Barrera signaled waiting officers to make the arrest.

After his arrest, officers presented Appellant with a consent to search form written in Spanish. Officer Aaron Aguilar read the form to Appellant, in Spanish, and Appellant signed it. At Appellant's residence, officers seized a baggie containing 1.98 grams of cocaine, a gram scale, over $1,000 in cash, and a purse containing Guzman's identification card.

Count one of the indictment charged that, on October 14, 1997, Appellant did "then and there intentionally or knowingly deliver to G. Barrera a controlled substance, namely cocaine of four hundred grams or more, including any adulterants or dilutants, by offering to sell said controlled substance." Count two alleged that, on October 14, 1997, Appellant did "then and there intentionally or knowingly possess a controlled substance, namely: cocaine of four hundred grams or more, including any adulterants or dilutants, with intent to deliver said controlled substance."

## DOUBLE JEOPARDY

■ In his eighth point, Appellant contends that he was denied due process under both the United States and Texas Constitutions "in that he suffered two convictions in this case in the face of the rule that only one conviction can be had where a single indictment is tried." The indictment in this case alleged two offenses in separate counts. Count one alleged the offense of delivery of over 400 grams of cocaine. Count two alleged the offense of possession of over 400 grams of cocaine with intent to deliver. Both offenses were alleged to have been committed on or about October 14, 1997 in Tarrant County. In addition, the record reflects that the conduct underlying both of the charged offenses occurred on the same date.

■ Conceptually, the federal and state constitutional double jeopardy provisions are identical.[1] The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for

1. *Phillips v. State,* 787 S.W.2d 391, 393, n. 2 (Tex.Crim.App.1990).

the same offense.[2] Generally, this clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.[3] To determine whether two offenses are the same, we must examine the elements of the applicable statutes to determine whether each statute "requires proof of an additional fact which the other does not."[4]

Before September 1, 2001, a person committed the offense of delivery of cocaine if the person knowingly or intentionally delivered or possessed with intent to deliver cocaine.[5] The health and safety code defines "deliver" as "to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship. The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia."[6] The offense of delivery is complete when, by words or deeds, a person knowingly or intentionally offers to sell what he states is a controlled substance.[7]

Here, Appellant committed the offense of delivery of a controlled substance when he offered to sell cocaine to an undercover officer. The State contends that the second offense of possession with intent to deliver was committed when the cocaine was actually brought to the agreed-upon location by Manuel Ledesma. In *Gongora v. State*, the First District Court of Appeals held that the double jeopardy rights of a defendant were violated when he was convicted of delivering a brick of cocaine that he had physically transferred to an undercover officer posing as a buyer and was subsequently charged and convicted of possessing with intent to deliver a second brick found during a search of his vehicle after his arrest.[8] The court noted that the jury charge had defined "delivery" to include an offer to sell a controlled substance and that the State's theory of the case had drawn no distinctions between the first and second bricks of cocaine, presenting both as part of a proposed delivery of five kilograms.[9] In the case now before us, both counts of the indictment alleged 400 grams or more of cocaine. Furthermore, the record reflects that the same substance was offered to prove both delivery and possession with intent to deliver. We conclude that it was a violation of double jeopardy prohibitions to punish Appellant for both delivery and possession with intent to deliver the same quantity of cocaine.

Ordinarily, when a defendant has been prosecuted and convicted in a single

**2.** U.S. CONST. amend. V.

**3.** *United States v. Dixon,* 509 U.S. 688, 695–96, 113 S.Ct. 2849, 2855–56, 125 L.Ed.2d 556 (1993); *Ex parte Herron,* 790 S.W.2d 623, 624 (Tex.Crim.App.1990) (op. on reh'g).

**4.** *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *see Dixon,* 509 U.S. at 696, 113 S.Ct. at 2856; *Parrish v. State,* 869 S.W.2d 352, 353–55 (Tex. Crim.App.1994).

**5.** Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3705 (amended 2001) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp.2002)); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp. 2002).

**6.** TEX HEALTH & SAFETY CODE ANN § 481.002(8) (Vernon Supp.2002).

**7.** *Jimenez v. State,* 838 S.W.2d 661, 665 (Tex. App.-Houston [1st Dist.] 1992, no pet.) (citing *Stewart v. State,* 718 S.W.2d 286, 288 (Tex. Crim.App.1986)).

**8.** 916 S.W.2d 570, 576–77 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd).

**9.** *Id.* at 577.

criminal action of two or more offenses that constitute the same offense in violation of double jeopardy principles, the remedy is to apply "the most serious punishment" test and retain only the offense with the most serious punishment and delete all others that are the "same" for double jeopardy purposes.[10] The "most serious punishment" is the longest sentence imposed, with rules of parole eligibility and good time serving as tie-breakers.[11] Here, however, the offenses for which Appellant was convicted are the same, and the punishments assessed are likewise identical. Accordingly, we will resort to the method used prior to the adoption of the most serious punishment test and uphold the conviction listed first in the trial court's judgment.[12] The judgment in this case tracks the indictment. We therefore vacate Appellant's conviction under count two for possession with intent to deliver. We sustain Appellant's eighth point.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ In points one through seven, Appellant contends that he was denied effective assistance of counsel. Specifically, Appellant argues that his trial counsel's performance was deficient in the following particulars:

(1) failing to object to the admission of extraneous offense evidence;

(2) failing to request a jury charge on extraneous offenses;

(3) failing to object to the admission of evidence seized in a search of an apartment residence unconnected to Appellant;

(4) failing to object to the admission of evidence seized pursuant to a written consent to search form that did not specify the particular place that was the object of the search;

(5) failing to object to the admission of evidence concerning plea negotiations that took place a week before trial and involved Appellant, his attorney, his wife, the State's chief witnesses, and the prosecutors;

(6) failing to object to a portion of the prosecutor's closing argument in which words were attributed to Appellant when Appellant did not testify at trial; and

(7) failing to object to the submission of both counts of the indictment to the jury.

We apply a two-pronged test to ineffective assistance of counsel claims.[13] First, Appellant must show that his counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.[14]

■ In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.[15] The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms

10. *Landers v. State*, 957 S.W.2d 558, 560–61 (Tex.Crim.App.1997).

11. *Id.* at 560.

12. *Ex parte Drake*, 883 S.W.2d 213, 216 (Tex.Crim.App.1994); *Holcomb v. State*, 745 S.W.2d 903, 908 (Tex.Crim.App.1988); *Harris v. State*, 34 S.W.3d 609, 613–14 (Tex.App.-Waco 2000, pet. ref'd).

13. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

14. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

15. *Thompson*, 9 S.W.3d at 813.

at the time of the alleged error.[16] "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[17] An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.[18] Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.[19] Generally, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel.[20] Where the record is silent as to counsel's reasons for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably.[21]

An appellate court is not required to indulge in speculation concerning counsel's decision-making processes or to imagine reasons why counsel acted or failed to act in a particular manner.[22] Thus, when the record is silent as to counsel's reasons for performing or failing to perform in the manner alleged, we cannot conclude that counsel's performance was deficient.[23] As the court of criminal appeals has pointed out and this court has noted, the record on direct appeal is gen-erally insufficient to show that counsel's performance was so deficient as to meet the first part of the *Strickland* standard.[24] It is for this reason that ineffective assistance claims are usually best addressed by a post-conviction writ of habeas corpus.[25] "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel."[26] We find this to be particularly true in the case now before us. Appellant did not file a motion for new trial raising ineffective assistance that would have allowed counsel to explain any trial strategy upon which his decisions may have been based. Because there is no record to show trial counsel's reasons for acting or failing to act in the manner challenged by Appellant, we hold that Appellant has failed to establish that his counsel's assistance was ineffective. We overrule Appellant's first seven points.

## CONCLUSION

Having sustained Appellant's eighth point and overruled points one through seven, we vacate Appellant's conviction under count two of the indictment for the offense of possession with intent to deliver a controlled substance and affirm his conviction under count one of the indictment

---

16. *Strickland*, 466 U.S. at 688–89, 104 S.Ct. at 2065.

17. *Id.* at 690, 104 S.Ct. at 2066.

18. *Thompson*, 9 S.W.3d at 814.

19. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

20. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim.App.1984).

21. *Thompson*, 9 S.W.3d at 814.

22. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.App.1994).

23. *Id.*

24. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim.App.2002); *Thompson*, 9 S.W.3d at 813–14; *Ex parte Okere*, 56 S.W.3d 846, 855–56 (Tex.App.-Fort Worth 2001, pet. ref'd); *Patterson v. State*, 46 S.W.3d 294, 306 (Tex.App.-Fort Worth 2001, no pet.).

25. *Thompson*, 9 S.W.3d at 814 & n. 6; *Ex parte Torres*, 943 S.W.2d 469, 475–76 (Tex. Crim.App.1997).

26. *Thompson*, 9 S.W.3d at 813–14.

for the offense of delivery of a controlled substance.