NO. 07-03-0544-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 13, 2006
_____

RONALD THACKER HARGESHEIMER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,482-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Via two issues, appellant (Ronald Thacker Hargesheimer) contends that 1) he was unable to file a motion for new trial to preserve error because the trial court certified that he had no right to appeal and 2) the record fails to support his conviction for two counts of indecency with a child. Having reviewed appellant's issues and the record before us, we affirm in part and modify the judgment in part.

### *Issue One - Inability to File a Motion for New Trial*

In his first issue, appellant contends that the trial court's initial certification that he had no right to appeal prevented him from filing a motion for new trial. We disagree.

Appellant contends that the trial court failed to afford him a bifurcated trial in that it found him guilty and then sentenced him without conducting a separate proceeding on punishment. Specifically, appellant contends that "the trial court heard the appellant's pleas of true to each of the alleged violations . . . and then immediately proceeded to consider evidence on the issue of punishment - without first determining guilt." Furthermore, appellant argues that "[i]t was not until the conclusion of the proceeding that the trial court *both* found the Appellant guilty of the underlying felony and sentenced him to 16 years imprisonment." (Emphasis in original). However, appellant admits that he failed to object at the time of sentencing to this irregularity; therefore, the only way to preserve his complaint was through a motion for new trial. But because the trial court's certification, according to appellant, "'advised'" him that "he had no further right to contest the judgment [and] his sentence was to be served," he allegedly neglected to move for a new trial.

The trial court's certification was and is of no import *viz* his right to file a motion for new trial. The latter right is absolute, *McIntire v. State*, 698 S.W.2d 652, 660 (Tex. Crim. App. 1985) (stating that the right to file and have heard a motion for new trial is deemed absolute provided the right is asserted within the time period specified by law), and not dependent upon perfecting an appeal. Nor is the converse true; the right to perfect an appeal is not dependent upon the right to move for a new trial. The two are distinct

2

procedures. Indeed, a new trial may be granted irrespective of whether a certification or notice of appeal is filed. *See Taylor v. State,* 163 S.W.3d 277, 282 (Tex. App.–Austin 2005, pet. dism'd) (holding that 25.2(g) of the Rules of Appellate Procedure did not bar the trial court's consideration of a timely motion for new trial). Therefore, we overrule appellant's first issue.

### *Issue Two - Guilty of One Count of Indecency with a Child*

In his second issue, appellant contends that the trial court erred by finding him guilty of two counts of indecency with a child when he only plead guilty to one. We sustain the issue because the State concedes the matter. Therefore, we vacate appellant's conviction upon count two (indecency with a child). *See Lopez v. State,* 80 S.W.3d 624, 628-29 (Tex. App. –Fort Worth 2002), *aff'd,* 108 S.W.3d 293 (Tex. Crim. App. 2003) (holding, in cases where a conviction is vacated, that when the two offenses contain identical punishments the court upholds the conviction listed first in the trial court's judgment).

Having sustained appellant's second issue and overruled his first, we vacate appellant's conviction under count two for the offense of indecency with a child, modify the judgment to so reflect, and affirm the remainder of the judgment.

Per Curiam

Do not publish.