

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 02-12-00322-CR**
**NO. 02-12-00323-CR**
**NO. 02-12-00324-CR**
**NO. 02-12-00325-CR**
**NO. 02-12-00326-CR**
**NO. 02-12-00327-CR**
**NO. 02-12-00328-CR**
**NO. 02-12-00329-CR**
**NO. 02-12-00330-CR**
**NO. 02-12-00331-CR**
**NO. 02-12-00332-CR**
**NO. 02-12-00333-CR**

PEDRO DOMINGUEZ                                         APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

---
[1]*See* Tex. R. App. P. 47.4.

As the majority correctly points out, the constitutional effectiveness of counsel's trial representation is examined under a two-pronged analysis: deficient performance and prejudice. Of course, both need not be addressed: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069 (1984); *see Smith v. Robbins*, 528 U.S. 259, 285–86, 120 S. Ct. 746, 765 (2000). However, there are limited circumstances under which prejudice is presumed or where the proven deficient performance will result in undermining confidence in the outcome, i.e., prejudice. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; 42 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 29:78 (3d ed. 2011); *cf. Kober v. State*, 988 S.W.2d 230, 232–33 (Tex. Crim. App. 1999) (holding "some possibility" that deficient performance affected proceeding is insufficient to show prejudice).

In this case, Appellant did not file a motion for new trial raising ineffective assistance of counsel that would have allowed counsel to explain any trial strategy upon which his decision may have been based. There is absolutely no record by which we may determine counsel's reasons, if any, in advising Appellant to plead guilty to burglary. An ineffective assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex.

Crim. App. 2012) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

Direct appeal frequently is an inadequate vehicle for raising an ineffective assistance of counsel claim such as Appellant's because the record is undeveloped. *See Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813. This court's scrutiny of counsel's performance must be highly deferential, and every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. There is a strong presumption mandated by *Strickland* in favor of a determination that counsel's decision "might be considered sound trial strategy." *Id.*

An appellate court is not required to indulge in speculation concerning counsel's decision-making processes or to imagine reasons why counsel gave the advice he did. When the record is silent as to counsel's reasons for performing in the manner alleged, we cannot conclude that counsel's performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Lopez v. State*, 80 S.W.3d 624, 629–30 (Tex. App.—Fort Worth 2002), *aff'd*, 108 S.W.3d 293 (Tex. Crim. App. 2003). Thus, I would hold that Appellant has failed to establish that his counsel's assistance was ineffective.

Because the record is absolutely silent regarding counsel's trial strategy, I respectfully suggest that to wade into the prejudice stream is premature in this instance. Counsel seems to have advised his client to plead guilty to a burglary, which would undermine Appellant's defense to the eleven aggravated robbery charges. Indeed, should counsel's strategy be mistaken or completely absent, prejudice conceivably could result to Appellant. *See, e.g.*, *Florida v. Nixon*, 543 U.S. 175, 187, 125 S. Ct. 551, 560 (2004) (suggesting counsel may be ineffective if he does not sufficiently consult with defendant regarding decision to plead guilty); *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999) (noting situations where prejudice presumed); *Ex parte Battle*, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991) (on habeas-corpus review, finding deficient performance and prejudice based on counsel's incorrect advice during plea-bargain process); Dix & Schmolesky, *supra*, at § 29:78 ("Perhaps a defendant shows prejudice in some situations by demonstrating that counsel's actions deprived the defendant of an important procedural opportunity."). A determination of prejudice in this appeal should not be attempted in the absence of a record, which could be provided in a post-conviction writ of habeas corpus. Based on the seriousness of the charged offenses and the length of the sentences imposed, I conclude the more cautious and correct approach would be to overrule Appellant's issue on the basis of an inadequate record and thereby a failure to establish deficient representation. Based on this rationale, I join the judgments affirming the trial court's judgments.

4

                                        LEE GABRIEL
                                        JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 30, 2013