

# NUMBER 13-12-00446-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF D.X.S.

## On appeal from the 323rd District Court
## of Tarrant County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

D.X.S., a juvenile, appeals the trial court's order adjudicating him delinquent and placing him on probation. By two issues, appellant argues: (1) the trial court failed to include a self-defense instruction in the jury charge; and (2) the trial court violated constitutional protections against double jeopardy by including two special issues in the jury charge for a single offense of evading arrest. We affirm as modified.[1]

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before this Court on transfer from the Second Court of Appeals in Fort Worth, Texas. *See* TEX. GOV'T. CODE ANN. § 73.001 (West 2005).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant's mother called 911 requesting police assistance, stating "[M]y 14-year-old son which [sic] is bipolar is out of control." Two peace officers responded, Officer Brian Hamlin and Officer Barry Hope. Officers Hamlin and Hope repeatedly attempted to convince appellant to "tell his side of the story" and to move into the living room, away from the many potential weapons in the kitchen. As the struggle intensified, appellant began to resist and broke free of the officers, leading them on a lengthy pursuit[2] that culminated with the necessity of five officers working together to hand cuff appellant.

Appellant was charged with one count of assault against a public servant, a third-degree felony, two counts of resisting arrest, a class A misdemeanor, and two counts of evading arrest, a class A misdemeanor. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(1), 38.03(a), 38.04(b) (West 2011). Appellant requested a jury trial and the case was submitted to the jury on five special issues. Specifically, for each count, the jury was asked whether it found appellant guilty of delinquent conduct because the evidence showed beyond a reasonable doubt that he committed the alleged offense. After the jury found appellant delinquent on each count, the trial court placed him on probation.

## II. JURY CHARGE ERROR

By his first issue, appellant argues the trial court should have granted his request for a self-defense-against-a-police-officer instruction under section 9.31 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 9.31(c) (West 2011). The procedural and evidentiary rules that govern juvenile proceedings are set forth in section 51.17 of the

---

[2] Appellant fled from the officers on foot.

2

Juvenile Justice Code. *See* TEX. FAM. CODE ANN. § 51.17 (West Supp. 2011). The Juvenile Justice Code[3] does not have a specific provision governing the jury charge. *See In re J.R.C.S.*, 393 S.W.3d 903, 913 (Tex. App.—El Paso 2012, no pet.) (citing *In re A.A.B.*, 110 S.W.3d 553, 555–56 (Tex. App.—Waco 2003, no pet.)).

On appeal, juvenile delinquency proceedings are to be governed by the Texas Rules of Appellate Procedure as far as practicable. *In re D.I.B.*, 988 S.W.2d 753, 756 (Tex. 1999); *In re J.R.C.S.*, 393 S.W.3d at 913. However, juvenile delinquency proceedings are quasi-criminal in nature. *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999). The Texas Supreme Court has concluded that it is "unwise and problematic to apply one preservation rule in adult, criminal proceedings and another, stricter rule in juvenile cases." *Id.* at 767. In light of the Texas Supreme Court's warning, we will follow the criminal standard of review in addressing alleged jury-charge error in this juvenile delinquency adjudication.[4] *See, e.g., In re I.L.,* 389 S.W.3d 445, 451–52 (Tex. App.—El Paso 2012, no pet.).

## A.    Standard of Review

In analyzing a jury-charge issue, we first determine if error occurred. *Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If so, we conduct a harm analysis. *Id.* The degree of harm required for reversal depends on whether the defendant preserved error. *Id.* If, as here, the issue was properly preserved, jury-charge error requires reversal if the defendant suffers "some harm" to his rights. *Ngo*, 175 S.W.3d at

---

[3]  TEX. FAM. CODE ANN. Title 3 (West 2008 & Supp. 2012)

[4]  We note that the Texas Supreme Court recently declined to decide whether the civil or criminal standard of review for unpreserved jury-charge error applies in a juvenile-delinquency case because the error presented to that Court was harmless under either standard. *In re L.D.C.*, 400 S.W.3d 572, 575 (Tex. 2013). However, as discussed below, the alleged jury-charge error in this case was preserved.

743; *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (en banc*), superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988) (en banc)).   Appellant submitted a written request to the trial court to include the statutory language regarding self-defense.   A written request to the trial court preserves the issue for appellate review.   *See* TEX. CODE CRIM. PROC. ANN. art 36.14 (West 2005).

## B.   Analysis

A defendant is entitled to a self-defense instruction if the issue is raised by the evidence, regardless of whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the witnesses or the viability of the defense.   *Allen v. State,* 253 S.W.3d 260, 267 (Tex. Crim. App. 2008); *Ferrel v. State,* 55 S.W.3d 586, 591 (Tex. Crim. App. 2001).   If the evidence, viewed in the light most favorable to the defendant, does not raise the issue of self-defense, the defendant is not entitled to an instruction.   *Ferrel*, 55 S.W.3d at 591.

A person is justified in using force against a peace officer when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater-than-necessary force.   TEX. PENAL CODE ANN. § 9.31(c)(2).   Because the statute provides that the force used must be reasonable as contemplated from the defendant's point of view, there must be some evidence of the defendant's state of mind or observable manifestations of the defendant's state of mind sufficient to raise the issue of self-defense.   *See Reed v. State,* 703 S.W.2d 380, 385 (Tex. App.—Dallas 1986, pet.

4

ref'd). In other words, there must be some evidence in the record to show that the defendant was in some immediate apprehension or fear of being the recipient of the unlawful use of force. *Smith v. State,* 676 S.W.2d 584, 585 (Tex. Crim. App. 1984).

Because self-defense is justification for one's actions, the assertion of the defense necessarily requires an admission that the conduct occurred. *Anderson v. State,* 11 S.W.3d 369, 372 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Thus, a "defendant is entitled to an instruction on the law of self-defense if there is some evidence that he intended to use force against another and he did use force, but he did so only because he reasonably believed it was necessary to prevent the other's use of unlawful force." *Ex parte Nailor,* 149 S.W.3d 125, 132 (Tex. Crim. App. 2004). Assertion of the defense is inconsistent with a denial of the conduct, *see Ford v. State,* 112 S.W.3d 788, 794 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Sanders v. State,* 707 S.W.2d 78, 81 (Tex. Crim. App. 1986)), and a defendant is not entitled to a self-defense instruction if "he claims that he did not perform the assaultive acts alleged, that he did not have the requisite culpable mental state, or both." *VanBrackle v. State,* 179 S.W.3d 708, 715 (Tex. App.—Austin 2005, no pet.) (citing *Ex parte Nailor,* 149 S.W.3d at 134).

Appellant did not admit to assaulting a public servant. In fact, defense counsel stated during his opening statement that appellant "did not assault a public servant." He thereafter cross-examined witnesses in an attempt to prove inconsistencies in the testimony that appellant struck an officer, and he later emphasized during closing argument, "You now know what I knew when all this started, and that is that [appellant] did not assault officer Hope." We conclude the trial court did not err by denying the

5

instruction. We overrule appellant's first issue. *See VanBrackle*, 179 S.W.3d at 715; *Anderson*, 11 S.W.3d at 372.

## III. DOUBLE JEOPARDY

By his second issue, appellant contends that he could not be adjudicated for two acts of evading arrest or detention. Specifically, by special issue two, the jury was asked whether appellant evaded arrest from Officer Hope and by special issue three, the jury was asked whether appellant evaded arrest from Officer Hamlin. The record is clear that though both of these peace officers pursued appellant, the incident involved a single pursuit and arrest.

Adjudications of delinquency in juvenile cases are based on the criminal standard of proof. *See* TEX. FAM. CODE ANN. § 54.03(f) (West Supp. 2012). In evaluating appellant's argument, we apply criminal law. *See In re R.S.C.*, 940 S.W.2d 750, 751–52 (Tex. App.—El Paso 1997, no pet.) (stating delinquency proceedings are quasi-criminal in nature and that juveniles are entitled to many of the constitutional protections that are afforded to adult criminal defendants).

### A. Standard of Review

The Fifth Amendment provides that "[n]o person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "The United States Supreme Court has concluded that the Fifth Amendment offers three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense."

6

*Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969); *Lopez v. State,* 108 S.W.3d 293, 295–96 (Tex. Crim. App. 2003)).  At issue here is whether appellant received multiple punishments for the same offense.

**B.     Analysis**

Generally, a second prosecution is permitted when "each offense requires proof of an element that the other offense does not."  *Watson v. State,* 900 S.W.2d 60, 62 (Tex. Crim. App. 1995) (citing *Blockburger v. United States,* 284 U.S. 299, 304 (1932)). The *Blockburger* test is not applicable when, as here, we are addressing multiple violations of a single statutory provision.  *Vineyard v. State,* 958 S.W.2d 834, 837 (Tex. Crim. App. 1998) (citing *Ex Parte Rathmell,* 717 S.W.2d 33, 35 (Tex. Crim. App. 1986)).

Under these circumstances, we apply a different analysis.  When a defendant's conduct allegedly violates the same statute multiple times, we must determine whether the conduct constitutes more than one offense under the statute.  *See Ex Parte Cavazos*, 203 S.W.3d at 336.  This determination is necessary because, although our state courts are bound by United States Supreme Court decisions interpreting the scope of double jeopardy, the determination of what constitutes an offense is largely a matter of state law.  *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex. Crim. App. 1992) (en banc), *disapproved on other grounds*, *Bailey v. State*, 87 S.W.3d 122, 128 (Tex. Crim. App. 2002).  If we determine that a defendant's conduct comprises but a single offense, "our inquiry is ended, as a successive prosecution for the same offense after [defendant's] earlier conviction would be a prima facie violation of the double jeopardy clause."  *Id.*

Whether a defendant's conduct constitutes one or more offenses under a statute depends on the legislature's intent and not on the principle of double jeopardy. *See Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999) (en banc); *Iglehart*, 837 S.W.2d at 128. The legislature "defines whether offenses are the same . . . by prescribing the 'allowable unit of prosecution,' which is a 'distinguishable discrete act that is a separate violation of the statute.'" *Ex Parte Hawkins*, 6 S.W.3d at 556 (quoting *Sanabria v. United States*, 437 U.S. 54, 69–70 (1978)). When the statute is silent on the allowable unit of prosecution, we look to the gravamen of the offense. *Jones v. State,* 323 S.W.3d 885, 889 (Tex. Crim. App. 2010).

The offense of "evading arrest" criminalizes obstruction of a lawful governmental operation. *See* TEX. PENAL CODE ANN. § 38.04. The gravamen of "evading arrest" is the evasion of an arrest, as opposed to evasion of a police officer. *Rodriguez v. State*, 799 S.W.2d 301, 302–03 (Tex. Crim. App. 1990) (en banc); *see also Alejos v. State*, 555 S.W.2d 444, 449 (Tex. Crim. App. 1977). Appellant fled his home, and officers pursued him until his ultimate capture. We conclude that appellant's continuous act of fleeing constitutes a single charge of "evading arrest" even though multiple officers were in pursuit of appellant. *See Hobbs v. State*, 175 S.W.3d 777, 780–81 (Tex. Crim. App. 2005).

The question remaining is which counts of conviction should be deleted and which retained. "The Supreme Court has directed that when a defendant is convicted in a single criminal action of two offenses that are the 'same' for double jeopardy purposes, the remedy is to vacate one of the convictions." *Landers v. State,* 957 S.W.2d 558, 559

8

(Tex. Crim. App. 1997), *overruled on other grounds by Ex parte Cavazos,* 203 S.W.3d at 338 (citing *Ball v. United States,* 470 U.S. 856, 864–65 (1985)). In making that determination, we retain the conviction for the "most serious" offense and set aside the other conviction. *Ex parte Cavazos,* 203 S.W.3d at 337; *see also In the Matter of A.W.B.,* No. 07-08-0345-CV, 2010 WL 364250, at *2 (Tex. App.—Amarillo Feb. 2, 2010, no pet.). "[T]he 'most serious' offense is the offense of conviction for which the greatest sentence was assessed." *Ex parte Cavazos,* 203 S.W.3d at 338. When the offenses and punishments are identical, we may uphold the conviction for the first offense listed in the indictment and vacate the conviction for the second offense alleged. *Lopez v. State,* 80 S.W.3d 624, 629 (Tex. App.—Fort Worth 2002), *aff'd on other grounds,* 108 S.W.3d 293 (Tex. Crim. App. 2003). Under *Lopez,* we may do so without performing a harm analysis.[5] *See id.*

Because the two offenses and punishments in this instance are identical, we will retain special issue number two, but vacate special issue number three. *See id.* We sustain appellant's second issue.

## IV. CONCLUSION

We vacate special issue three on double-jeopardy grounds. As modified, we affirm the trial court's delinquency order placing appellant on probation.

GREGORY T. PERKES
Justice

Delivered and filed the
3rd day of October, 2013.

---

[5] Neither party to this appeal argues a harm analysis is necessary in this Court's disposition of appellant's double-jeopardy issue.